UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH, et al.,

    Plaintiffs,

v.

Case No. 2:14-11601
Honorable Laurie J. Michelson

DANIEL HEYNS, et al.,

    Defendants.

_____/

## OPINION AND ORDER DENYING MOTION OBJECTING TO THE TRANSFER OF THE CASE TO THE WESTERN DISTRICT OF MICHIGAN [14]

On June 17, 2014, this Court entered an order dismissing all Plaintiffs save Derrick Smith and dismissing all Defendants save for Officers Lemaire and Farber. (Dkt. 11, Op. & Order of Partial Dismissal and Transfer.) That order also transferred this case to the Western District of Michigan because it was a proper venue and a more convenient forum for this action. (*Id.* at 8.) In particular, the events that gave rise to this suit occurred in the Western District, Defendants Lemaire and Farber resided in the Western District, and so did Smith. (*See id.* at 6-7.)

Smith says circumstances have changed: "while this [C]ourt was rendering this order, it was unaware that the Defendants . . . took it upon themselves to transfer Plaintiff to the Eastern District of Michigan on June 12, 2014 . . . ." (Pls.' Obj. to Transfer at 2 (capitalization altered).) Accordingly, Smith has moved to transfer this case back to the Eastern District of Michigan. (*Id.*)

Even assuming that Smith now resides in the Eastern District of Michigan, and even assuming that change in circumstances upsets the prior forum-convenience analysis, this Court lacks authority to decide Smith's motion. On June 17, 2014, the papers in this case were docketed in the Western District of Michigan. *See Smith v. Heyns*, No. 1:14-cv-644 (W.D. Mich.

filed June 17, 2014). Once that occurred, this Court no longer had subject-matter jurisdiction over this case:

> Jurisdiction follows the file, *see, e.g.*, *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516–17 (10th Cir. 1991) ("Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer"); so if Thrifty wished to challenge the transfer in the transferor court, it needed to act quickly. A sensible first step would have been to seek a stay of the transfer order, so that the file—and thus jurisdiction—would have remained with the transferor court long enough for Thrifty to seek reconsideration. But Thrifty did not act quickly.

*Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009); *accord Liberi v. Taitz*, 425 F. App'x 132, 134 (3d Cir. 2011) ("[A]fter grant of motion to transfer venue and lodging of papers with transferee court's clerk, 'the transferor court . . . loses all jurisdiction over the case and may not proceed further with regard to it.'" (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3846, at 69 (3d ed. 2007))).

The Court thus denies "Plaintiffs Combined Motion Objecting to the Transfer of the Case to the Western District on the Basis that Plaintiff Now Resides Within the Jurisdiction of the Eastern District of Michigan & Plaintiffs Motion for Order to Transfer the Case Back to the Eastern District of Michigan as that Plaintiff Resides in the Eastern District of Michigan Now & Plaintiffs Motion to Transfer Plaintiff Back [to] the County of Muskegon for the Convenience of Plaintiffs & Plaintiffs Witnesses and Plaintiff" (Dkt. 14 (capitalization altered, grammar as in original)) for lack of subject-matter jurisdiction.[1] The Court also notes that, in this District, this

---

[1] The Court recognizes that in *Chamberlain v. U.S. Bancorp Cash Balance Ret. Plan*, No. 04-CV-0841-DRH, 2005 WL 2757921, at *2 (S.D. Ill. Oct. 25, 2005) the court reasoned that the physical transfer of the case file is "irrelevant" given the federal courts' electronic docketing system: "While, in a manual-filing system, physical transfer appropriately serves as a threshold for determining when a court is divested of jurisdiction because of the time, energy, cost, and inconvenience associated with transferring the file, it has little significance in an electronic-filing system, in which a case can bounce back and forth between courts with little, if any, difficulty."

case is closed.

SO ORDERED.

        s/Laurie J. Michelson
        LAURIE J. MICHELSON
        UNITED STATES DISTRICT JUDGE

Dated:  July 16, 2014

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 16, 2014.

        s/Jane Johnson
        Case Manager to
        Honorable Laurie J. Michelson

---

Even so, under that court's four-factor test—"(1) the original transfer was not intended to be effective instantly; (2) the transferee court had not attempted to assert jurisdiction; (3) neither party attempted to persuade the transferee court to exercise jurisdiction; and (4) the record had not been forwarded"—this Court would still lack jurisdiction over Smith's motion. This Court intended the transfer to be effective immediately and before Smith filed his motion, on June 18, 2014, the Western District of Michigan issued a notice of receipt of the case. Further, District Judge Janet T. Neff of the Western District of Michigan has recently issued a scheduling order and denied Smith's request for class certification. *Smith v. Heyns*, No. 1:14-cv-644, slip order (W.D. Mich. filed July 3, 2014).